# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **LORD OSUNFARIAN XODUS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07 C 1431 |
| **THE WACKENHUT CORPORATION,** | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lord Osunfarian Xodus' ("plaintiff") complaint alleges a cause of action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 § U.S.C.2000e *et seq.*, against The Wackenhut Corporation ("defendant"). The sole count of the complaint alleges that defendant discriminated against plaintiff when it denied him a security guard position because he would not cut his dreadlocks in compliance with defendant's grooming policy. Plaintiff alleges that he is a Rastafarian/Hebrew Israelite and that his religious beliefs prohibit him from cutting his hair.

Defendant moves for summary judgment, contending that plaintiff never mentioned religion during the interview and that he was not hired for a non-discriminatory reason – he refused to follow the company's grooming policy. In the alternative, defendant moves for summary judgment on damages issues, arguing that plaintiff failed to mitigate his damages and that plaintiff is not entitled to punitive damages. Plaintiff moves for partial

summary judgment on the issue of whether defendant can show that accommodating plaintiff's religious beliefs would pose an "undue burden." For the following reasons, defendant's motion for summary judgment is granted as to the damages issues. All other motions for summary judgment are denied.[1]

I.

Summary judgment is proper when the pleadings and discovery, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640 (7th Cir. 2008). The movant initially bears the burden of "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the movant has met this burden, the non-movant "may not rest upon the mere allegations or denials of the adverse party's

---

[1] In response to defendant's motion for summary judgment, plaintiff argues repeatedly that because defendant does not meet its burden, plaintiff is entitled to summary judgment on all issues. (*See e.g.,* Pl.'s Resp. p. 11)(arguing "[b]ecause Wackenhut has failed to meet this burden on this issue, Xodus moves for summary judgment on the issue of mitigation.") Contrary to plaintiff's contentions, denial of defendant's motion for summary judgment does not equate to a grant of summary judgment for plaintiff. Accordingly, I have disregarded plaintiff's improperly asserted additional motions for summary judgment.

2

pleading," but rather "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). A plaintiff may defeat summary judgment with his own deposition testimony where there is a genuine issue of fact as to plaintiff's subjective experience. *See Paz v. Wauconda Healthcare & Rehabilitation Centre, LLC*, 464 F.3d 659, 664-65 (7th Cir.2006)(finding plaintiff's deposition was filled with genuine issues of fact based on personal knowledge); *see also Walker v. Shansky*, 28 F.3d 666, 672 (7th Cir. 1994)(finding plaintiff's own non-expert testimony expressing medical opinions on causation was not admissible evidence, while allowing testimony as to her subjective experience).

I construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007).

## II.

The facts in this case are clearly in dispute. Plaintiff alleges that during his job interview for a security position with defendant, his interviewer asked if plaintiff would cut his hair to comply with the company's grooming policy. Plaintiff contends that he told the interviewer he could not cut his hair because of his religious beliefs and that the interview ended abruptly, with no job offer. Plaintiff also contends that defendant's failure to

3

hire him aggravated a pre-existing medical condition, which required hospitalization for periods of time and limited his ability to work. Plaintiff also maintains the interviewer mentioned that plaintiff could work dock security without having to cut his hair, but that none of those jobs were available.

Defendant denies these allegations, arguing instead that plaintiff never mentioned his religion or that the reason he refused to cut his hair was based on religion. Rather, defendant contends that plaintiff merely stated that he refused to cut his hair because of his "beliefs" and left the interview when he was told he could not be hired if he would not comply with the grooming policy. Defendant maintains that the interviewer never discussed any job alternatives (*e.g.*, the dock security position) and argues that plaintiff failed to mitigate his damages by refusing comparable job offers after he was denied employment with defendant. Defendant also denies responsibility for plaintiff's alleged medical condition. The parties move for summary judgment on various claims and defenses.[2]

III.

---

[2] Both parties took liberties with the local rules in their respective "undisputed" statements of fact, responses, and related replies. I have not considered any properly objected to portion of those filings. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger*, 529 F.3d 371, 382, n.2 (7th Cir. 2008)(noting that it is inappropriate to make legal arguments in Rule 56.1 statement of facts); *see also See Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006) (district courts are "entitled to expect strict compliance with Local Rule 56.1").

Defendant first moves for summary judgment on an unpled reasonable accommodation claim. Generally, a Title VII plaintiff cannot sue on a claim that was not included in the related EEOC charge. *See Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). Here, not only are there no allegations concerning failure to reasonably accommodate in the EEOC charge, this claim is not even pled in the complaint. Throughout their briefs, the parties appear to confuse the distinct claim of failure to accommodate (not pled) with plaintiff's claim for religious discrimination based on disparate treatment (Count I). These claims involve different legal theories and analyses. *See Novitsky v. Am. Consulting Engineers, L.L.C.*, 196 F.3d 699, 701 (7th Cir. 1999)(explaining "the charge...does not hint at a theory of failure to accommodate her religious practices, a claim different in kind from the normal anti-discrimination principle"). Accordingly, this motion is denied as moot.

Defendant next moves for summary judgment on plaintiff's religious discrimination claim. "In order to establish a *prima facie* case of religious discrimination, a plaintiff must show that the observance or practice conflicting with an employment requirement is religious in nature, that [he] called the religious observance or practice to [his] employer's attention, and that the religious observance or practice was the basis for [his] discharge or other discriminatory treatment." *E.E.O.C. v. Ilona of Hungary,*

*Inc.*, 108 F.3d 1569, 1575 (7th Cir. 1997). "[O]nce the plaintiff has established a prima facie case of discrimination, the burden shifts to the employer to make a reasonable accommodation of the religious practice or to show that any accommodation would result in undue hardship." *Id*. at 1574. It is clear this claim cannot be resolved on summary judgment.

As noted above, the parties plainly dispute most if not all of the material facts in this case. Plaintiff claims he told defendant that he could not cut his hair because of his religious beliefs and that he further elaborated on this statement by discussing his experience with other companies' grooming standards. Meanwhile, defendant contends plaintiff did not mention religion, stating only that he refused to cut his hair because of his "beliefs" and that he was fired by another security company for failure to comply with its grooming policy. The parties do agree that plaintiff did not specifically identify his religion at the interview, but that type of declaration is not required to prove religious discrimination.[3] Defendant's motion for summary judgment on plaintiff's religious discrimination claim is denied.

IV.

---

[3] To the extent defendant's motion for summary judgment on reasonable accommodation is directed towards its burden on this issue if plaintiff proves his *prima facie* case on religious discrimination, it is denied. "Reasonable accommodation" and "undue burden" are relative terms requiring careful weighing of the facts, which in this case are clearly in dispute. (*Compare* Pl.'s Resp. p. 8-10 *with* Def.'s Reply p.7-9).

6

Defendant also moves for summary judgment on damages.  First, defendant argues that plaintiff failed to mitigate his damages because 1) he did not work regularly when he could have done so, and 2) did not accept other comparable positions when those positions were offered.  Plaintiff concedes that he did not work regularly and that he turned down at least one full time job offer, but contends that he had to turn those jobs down due to a pre-existing mental health condition that was aggravated by defendant's alleged discrimination.  As a result his medical condition, plaintiff's ability to work was limited.

The only evidence supporting plaintiff's argument is his own non-expert medical opinion as to the cause for his medical condition and deposition testimony in which he relays out-of-court declarations of his therapist.[4]  (*See* Pl.'s Resp. p. 12-13); see also Haywood v. Lucent Techs., Inc., 323 F.3d 524, 533 (7th Cir. 2003)(hearsay is not competent evidence for summary judgment purposes)*; Walker v. Shansky*, 28 F.3d at 672 (finding plaintiff's own non-expert testimony expressing medical opinions on causation was not admissible evidence); *Alek v. University of Chicago Hospitals*, No. 99 C 7421, 2002 WL 1332000, at *2 (holding that

---

[4] Cases cited by plaintiff in support of his argument are not persuasive.  In those cases damages were awarded based on competent and credible evidence of medical causation not found here.  *See e.g., Cline v. General Elec. Capital Auto Lease, Inc.*, 757 F.Supp. 923, 933 (N.D.Ill. 1991)(finding medical expert testimony regarding plaintiff's disability due to stress and other physical injuries to be credible, supporting award for damages).

7

medical opinions outside of the ordinary person's knowledge, requires more than plaintiff's lay testimony to establish medical causation in support of damages claims). This evidence is not sufficient to withstand summary judgment on the issue of plaintiff's failure to mitigate his damages. *Id.*

Plaintiff also cannot survive summary judgment on punitive damages. A plaintiff may recover punitive damages under Title VII if the employer engaged in intentional discrimination and acted with malice or with reckless indifference to the plaintiff's federally protected rights. 42 U.S.C. § 2000e *et seq*. Plaintiff concedes that he did not tell the interviewer he was a Rastafarian/Hebrew Israelite and that the interviewer was not familiar with his religion or its tenets. Plaintiff also admits that the interviewer was familiar with the company's EEOC policy and laws on religious accommodation, and that the defendant promulgates and maintains policies on equal opportunity and disseminates those policies to employees. Plaintiff's main complaint seems to be that area managers were not trained in accordance with policy dictates and that training was not properly tracked by the company. (Pl.'s Resp. 14-15). Defendant of course denies this, but even assuming plaintiff's allegations are true they do not rise to the level of malice or reckless indifference required to sustain punitive damages and plaintiff cites no case law to the contrary.

The complaint does not allege malice or reckless disregard, plaintiff does not argue that defendant's EEOC policy is deficient in any way, and there is no evidence that defendant has improperly addressed discrimination complaints in the past for lack of training or any other reason.[5] Accordingly, defendant's motion for summary judgment on punitive damages and plaintiff's failure to mitigate damages is granted.

V.

Finally, plaintiff moves for partial summary judgment on defendant's "undue burden defense." Because plaintiff first must prove his *prima facie* case before the burden shifts to defendant, plaintiff's motion is not ripe for decision and is denied.

VI.

For the reasons above, defendant's motion for summary judgment is granted on the described damages issues and denied as to Count

---

[5] Plaintiff also argues that defendant did not tell him how to complain and that there is no evidence that defendant investigates all complaints of discrimination. These facts are neutral and do not support a finding of malice or reckless indifference.

9

I and plaintiff's unpled reasonable accommodation claim. Plaintiff's partial motion for summary judgment on "undue burden" is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Date: April 24_, 2009